THE FIRST ˙NATIONAL BANK OF DOVER, a corporation of the United States of America, vs. WILLIAM H. COLLINS.

PLEADING—JUDGMENT ON PLEADINGS—AFFIDAVIT OF DEMAND—OFFICER AUTHORIZED TO ADMINISTER OATH.
　　Under Act April 6, 1905, entitled "An act providing salaries for certain state officials," and recognizing the office of deputy prothonotary, and raising the office to a salaried office, and authorizing the prothonotary in each county to select deputies to assist in the performance of the duties of his office, a deputy prothonotary may perform such acts within the office of the prothonotary as are ministerial, and such other acts as are warranted by the occasion and directed by the court, and may administer the oath to the affiant in an affidavit of demand as a ministerial act.
(<em>July</em> 3, 1912.)

Judges WOOLLEY and RICE sitting.

*George M. Jones* for plaintiff.

*John B. Hutton* for defendant.

Superior Court, Kent County, July Term, 1912.

SUMMONS CASE (No. 35, July Term, 1912).

Motion that judgment be refused notwithstanding affidavit of demand, on the ground that the affidavit of demand, filed in this case, was taken before an officer, to wit, the deputy prothonotary, not authorized by law to administer oaths. Motion denied.

WOOLLEY, J., delivering the opinion of the court:

The plaintiff in this action filed an affidavit of demand, made by its cashier before the deputy prothonotary for Kent County, and moved for judgment at the first term. The authority of the deputy prothonotary to take affidavits in matters pending in the office of the prothonotary is questioned by the motion of the defendant that judgment be refused notwithstanding the affidavit of demand.

The office of deputy prothonotary was recognized by the statutes prior to the Code of 1852, but the duties of the officer were not there defined. By the act of April 6, 1906, entitled "An Act Providing Salaries for Certain State Officials," the office of deputy prothonotary was again recognized and while the duties of the officer received little further definition, the office was raised to the dignity of a salaried office, and the prothonotary of each county was authorized to select deputies to assist in the performance of the duties of his office.

Obviously the law that first recognized the office of deputy prothonotary, because of its failure to express a broader view, must be construed as having restricted the official duties of that officer to acts that were strictly ministerial, but the act of 1905, making the office a state office, and providing for the selection of a deputy to assist the prothonotary in the performance of the duties of his office, when considered in connection with the radically changed condition in the business of that office and of the litiga-

tion of the courts, must be construed as enlarging the authority of the deputies prothonotary and extending the scope of their duties. We therefore hold that the deputy prothonotary, by virtue of the statutes that create or recognize his official position, may perform such acts within the office of the prothonotary as are ministerial, and may perform such other acts as are warranted by the occasion and directed by the court.

In this particular case we consider the administering of the oath to the affiant by the deputy prothonotary was a ministerial act and within the authority of his office.

The motion that judgment be refused notwithstanding the affidavit of demand is therefore refused.